IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL SKILLERN | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv493 |
| F.J. GARRIDO | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Skillern, an inmate confined at the Federal Correctional Institution at Beaumont, Texas, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed without prejudice for failure to exhaust administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner contends he has not been awarded Earned Time Credits as provided for under 18 U.S.C. § 3632(d)(4)(A). Petitioner claims he should not be required to exhaust administrative remedies in this situation because attempting to do so would be futile.

After careful consideration, the court concludes petitioner's objections are without merit and should be overruled. As a general matter, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under Section 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when "administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such

remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62.  Further, the petitioner bears the burden of demonstrating the futility of administrative review.  *Id*.

Petitioner does not contend he has completed the administrative remedy process that is available to him.  While he asserts that completing the process would be futile, he provides no evidence in support of his assertion.  He has failed to explain why the Bureau would not consider his request for administrative remedy in good faith and correct any error it has made in calculating his sentence.  Petitioner's objections are therefore without merit.

## ORDER

Accordingly, petitioner's objections (doc. no. 5) are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge (doc. no. 3) is  **ADOPTED**.  A final judgment shall be entered dismissing the petition.

**SIGNED this 16th day of June, 2021.**

Michael J. Truncale
United States District Judge